IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOSEPH ALLEN CLARK, III, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-008 |
| | ) | |
| TIMOTHY C. WARD, Commissioner, | ) | |
| Georgia Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 14.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, Petitioner's motions to have exhibits entered be **DENIED AS MOOT**, (doc. nos. 4-6), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

I.   **BACKGROUND**

On July 20, 2001, Petitioner pled guilty to burglary, aggravated assault, and robbery in the Superior Court of Richmond County, Georgia, and the court sentenced him to sixty years of imprisonment. (Doc. no. 1, p. 1.) On February 3, 2003, James Burnett, the burglary and assault victim, died at the age of 82 in a nursing home, and shortly thereafter a grand jury indicted Petitioner on one count each of malice murder and felony murder. (Doc. no. 2, p. 4; doc. no. 1, p. 1.) Michael Garrett served as Petitioner's defense counsel with respect to the

case involving the murder charges, which is the subject of the current petition. (Doc. no 15-1, p. 8.) On April 20, 2005, Petitioner pled guilty to felony murder, and the court sentenced him to life imprisonment. (Doc. no. 1, p. 1.) On May 13, 2005 and June 7, 2005, Petitioner filed pro se motions to withdraw his guilty plea in the trial court, which never issued a ruling with respect to either. (Doc. no. 14-1, p. 1.)

Petitioner did not file any other post-judgment motions or appeals until May 22, 2018, when he filed a pro se "Motion to Correct Void Sentence." (Doc. no. 1, p. 3; doc. no. 15-1, pp. 56-57.) In the motion, Petitioner contends Mr. Burnett's death certificate shows he died of natural causes and not as a result of the 2001 assault. (Doc. no. 2, p. 4; doc. no. 17, p. 3.) On July 10, 2018, Petitioner moved to change his pro se "Motion to Correct Void Sentence" to a motion for an "Out of Time Appeal." (Doc. no. 15-1, p. 61.) On January 18, 2019, the trial court denied Petitioner's motion. (Id. at 65.) Petitioner appealed to the Supreme Court of Georgia, which dismissed the appeal on April 1, 2019. (Doc. no. 15-2, p. 1.) On April 9, 2019, Petitioner filed a motion for reconsideration, which the Supreme Court of Georgia denied on July 1, 2019. (Doc. no. 15-3, pp. 1-4.)

Petitioner filed the instant habeas corpus petition on January 17, 2020, claiming that while he did commit the original offenses charged of assault, burglary, and robbery, he could not be guilty of felony murder because Mr. Burnett died of natural causes two years after the assault while residing in a nursing home. (Doc. no. 1, p. 5; doc. no. 17.) Respondent moves to dismiss the petition as time-barred under 28 U.S.C. § 2244(d). (See doc. no. 14.) By Respondent's calculation, Petitioner filed his federal petition more than eleven years too late. (Doc. no. 14-1, p. 8.) Petitioner concedes his judgment of conviction became final more than one year ago and blames the untimeliness on his inability to obtain a copy of Mr. Burnett's death certificate until January 2017. (Doc. no. 17, p. 3.) Petitioner asserts his petition may

2

proceed under the "extraordinary circumstances clause" because the death certificate was the first time Petitioner became aware Mr. Burnett died of natural causes. (Id. at 4.) Petitioner contends he is "actually and totally innocent" of felony murder and his guilty plea was the result of ineffective assistance of counsel. (Id. at 6.)

## II.     DISCUSSION

### A.     The Petition Should Be Dismissed as Time-Barred

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." A defendant in Georgia seeking to appeal must do so within thirty days. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Because Petitioner did not file a direct appeal following his conviction and sentencing

3

on April 20, 2005, his conviction became "final" on May 20, 2005, when the thirty-day period to appeal expired. (Doc. no. 14-1, p. 4.) Petitioner had one year from the date his conviction became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period. Petitioner's one-year deadline for filing his federal petition thus expired in May 2006 unless tolled by the two pro se motions to withdraw his guilty plea filed in May and June 2005. For the reasons stated below, the Court finds these motions did not toll the limitations period, and the present petition is untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a "properly filed" application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Ousley v. Sec'y for Dep't of Corr., 269 F. Appx 884, 885 (11th Cir. 2008) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)). This includes, for example, "the form of the document, the time limits upon its delivery, [and] the court and office in which it must be lodged . . . . " Id. "[A] petitioner's state court habeas corpus filing is not 'properly filed' within the meaning of § 2244(d)(2) if the state court has determined that the petitioner's state court filing did not conform with the state's filing deadlines." Hill v. Jones, 242 F. App'x 633, 635 n.6 (11th Cir. 2007) (citing Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir.2003)). In the Eleventh Circuit, "due deference" must be given "to state procedural rules governing whether a § 2244(d)(2) application is 'properly filed,' with the caveat that the state rule be 'firmly established and regularly followed.'" Colbert v. Head, 146 F. App'x 340, 344 (11th Cir. 2005).

Petitioner timely filed his first pro se motion to withdraw his guilty plea within the March term of court on May 13, 2005, but it was not properly filed because Petitioner was represented by Mr. Garrett at the time. See White v. State, 806 S.E. 2d 489, 492 (Ga. 2017) (holding defendant's pro se motions to withdraw guilty plea were legal nullities because defendant was represented by counsel when filed). In Georgia, legal representation of a defendant continues through the end of the term of court in which a judgment of conviction and sentence is entered, absent substitution of counsel or an order allowing counsel to withdraw. Dos Santos v. State, 834 S.E. 2d 733, 737 (Ga. 2019) (citing White, 806 S.E. 2d at 492). Mr. Garrett represented Petitioner at the time of his guilty plea and sentence, and there is no withdrawal or substitution of counsel during that term of court. As a result, Petitioner's first pro se motion to withdraw guilty plea was "unauthorized and without effect" because "[a] criminal defendant in Georgia does not have the right to represent himself and also be represented by an attorney." Id.

Petitioner's second motion to withdraw guilty plea, filed on June 7, 2005, was untimely filed outside the term of court in which Petitioner's sentence was entered. Under Georgia law, "[a] motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea." Brooks v. State, 804 S.E. 2d 1, 3 (Ga. 2017) (internal quotations omitted). The Superior Court of Richmond County has six terms of court which begin on the third Monday in January, March, May, July, September and November. See O.C.G.A. § 15-6-3(5)(C). As Petitioner was sentenced on April 20, 2005, during the March term of Court, he had until the third Monday in May 2005 to file a motion to withdraw his guilty plea. Brooks, 804 S.E.2d at 3. The motion Petitioner filed in June was thus untimely, which divested the trial court of jurisdiction to consider it. Brooks, 804 S.E. 2d at 3; see Bankston v. State, 837 S.E.2d 788, 789 (Ga. 2020) (holding trial court

5

lacked jurisdiction to consider defendant's motions to withdraw guilty plea where term of court in which defendant was sentenced had expired); Ricks v. State, 835 S.E.2d 179, 181 (Ga. 2019) (holding trial court lacked jurisdiction to consider defendant's pro se motion to withdraw guilty plea, even if not represented by counsel, because motion was filed after term of court in which defendant was convicted and sentenced).

Because Petitioner's May and June 2005 pro se motions were not properly filed in accordance with state law, they did not toll the one-year limitations period. Colbert, 146 F. App'x at 345 (concluding petitioner's motion to withdraw guilty plea, filed after term of court expired, was not a "'properly filed' application for state post-conviction relief that tolled the one-year time period for filing a § 2254 petition.").

Petitioner did not file any other post-judgment motions or appeals until May 22, 2018, when he filed a pro se "Motion to Correct Void Sentence." (Doc. no. 1, p. 3; doc. no. 15-1, pp. 56-57.) Petitioner then sought to change the "Motion to Correct Void Sentence" to an out of time appeal. (Doc. no. 15-1, p. 61.) However, the one-year limitations period for filing a federal petition had already expired by the time he sought to file a motion for an out of time appeal, meaning no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, the instant petition filed in January of 2020 is untimely.

> **B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred**

An otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of

6

justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (*per curiam*) (citations omitted). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined

7

category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 569 U.S. at 394-95 (emphasis added).

Petitioner has not shown extraordinary circumstances stood in his way and prevented him from timely filing his federal petition, or that he had been pursuing his rights diligently from 2005 to 2018. Petitioner avers he did not receive a copy of Mr. Burnett's death certificate until January 2017, and this certificate is important, he contends, because it shows Mr. Burnett died of natural causes two years after Petitioner assaulted him. (Doc. no. 2, pp. 4-5; doc. no. 17, p. 3.) These arguments concerning the lapse of time and causation were available to Petitioner at the time he chose to plead guilty, and thereafter during the many years Petitioner stood by and did not seek a direct appeal or collateral review. The allegation Mr. Garrett was ineffective because he failed to conduct a thorough investigation was also available to Petitioner during this period of inaction. See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010) (recognizing state habeas courts are available for Petitioner to raise claims concerning ineffective assistance of counsel); Davis v. State, 561 S.E.2d 119, 119-20 (Ga. 2002) (recognizing state habeas corpus proceedings are available to an inmate to withdraw his guilty plea).

Furthermore, Petitioner does not allege he took any action before January 2017 to obtain the death certificate. Instead, he explains a family member took the initiative to obtain the death certificate and provide it to Petitioner. (Doc. no. 1, p. 14.) For these reasons, Petitioner has failed to show he has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing. Nor has he carried his burden of proving application of the actual innocence exception. Petitioner pled guilty to both the assault of Mr. Burnett and felony murder after his death. The only "new" evidence

Petitioner presents is the death certificate stating the coroner's determination of death by natural causes. (Doc. no. 2, pp. 4-5.) The exceedingly narrow actual innocence exception does not apply because the death certificate is not dispositive of the causation issue and does not, by itself, show it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.

Accordingly, neither equitable tolling nor the fundamental miscarriage of justice exception saves the untimely petition from dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Respondent's motion to dismiss be **GRANTED**, Petitioner's motions to have exhibits entered be **DENIED AS MOOT**, (doc. nos. 4-6), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 7th day of July, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA